## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Marlin Morey, | Case No. 19-cv-0253 (NEB/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jeff Titus, Warden, MCF-Rush City, and Lori Swanson, Minnesota State Attorney General, | |
| Respondents. | |

This matter comes before the Court on Respondent Lori Swanson's Motion to Dismiss Petition of Habeas Corpus [Doc. No. 5]. That motion seeks to dismiss Scott Marlin Morey's Petition for Writ of Habeas Corpus [Doc. No. 1] to the extent that it seeks relief from Swanson.[1] For the reasons discussed herein, the Court recommends granting the motion and dismissing Swanson from this action.

As its title suggests, the Petition seeks a writ of habeas corpus for a person in state custody. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts, such a petition "must name as respondent the state officer who has custody"—that is, custody of the petitioner. As the Supreme Court has explained:

---

[1] The Court is aware that Lori Swanson is no longer the Minnesota Attorney General and that Keith Ellison now holds that office. If this Report and Recommendation is *not* adopted, Keith Ellison should be substituted for Lori Swanson pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. If this Report and Recommendation is adopted, there is no need for the formal substitution.

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, [114 U.S. 564, 574 (1885)].
>
> In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement—"core challenges"—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official. . . .

*Rumsfeld v. Padilla*, 542 U.S. 426, 434–36 (2004) (certain citations omitted); *see also, e.g.*, *Ali v. Sessions*, No. 18-CV-2617 (DSD/LIB), 2019 WL 121946, at *1 n.1 (D. Minn. Jan. 7, 2019) (quoting *Padilla*). Under these guidelines, Swanson is not an appropriate respondent in this action, and so the Court recommends her dismissal with prejudice.

The motion to dismiss suggests that Swanson should be dismissed for lack of personal jurisdiction. (Resp't's Mem. Supp. Mot. Dismiss at 1–2 [Doc. No. 6].) It appears, however, that "neither the Eighth Circuit Court of Appeals nor the Supreme Court of the United States has found that a district court lacks personal jurisdiction over an improperly named respondent where both the petitioner and improper respondent are present within the district of litigation." *Greene v. Gau*, No. 16-CV-4329 (JRT/TNL),

2017 WL 913605, at *2 (D. Minn. Feb. 15, 2017) (addressing similar personal-jurisdiction argument), *R. & R. adopted*, 2017 WL 914609 (D. Minn. Mar. 7, 2017). The issue is moot, given that Swanson is not a proper respondent in any event, and Morey appears to have properly named Jeff Titus, the warden of the facility at which Morey is incarcerated, as a respondent. As a result, the Court recommends granting the motion to dismiss only insofar as Swanson seeks removal of her name as a respondent on the caption, without taking any position on Swanson's jurisdictional argument.

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Respondent Lori Swanson's Motion to Dismiss Petition of Habeas Corpus [Doc. No. 5] be **GRANTED** in that Lori Swanson be dismissed as a respondent to this action.

Dated: March 20, 2019                *s/ Hildy Bowbeer*
                                     Hildy Bowbeer
                                     United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).