# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Scott Marlin Morey,

           Petitioner,

v.

Jeff Titus, Warden, MCF-Rush City,

           Respondent.

Case No. 19-cv-0253 (NEB/HB)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Scott Marlin Morey's Motion for a Stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) [Doc. No. 2]. For the reasons set forth below, the Court recommends that the motion be denied.

## I. Procedural History

### A. Morey's Conviction and Direct Appeal

In 2016, Morey was convicted of multiple counts of criminal sexual conduct and sentenced to consecutive sentences totaling 406 months. *State v. Morey*, No. A16-1364, 2017 WL 3222747, at *1 (Minn. Ct. App. July 31, 2017). He appealed to the Minnesota Court of Appeals on the following grounds: (1) improperly admitted evidence of wrongful conduct, (2) prosecutorial misconduct, (3) insufficient evidence, (4) failure to treat multiple convictions as a single behavioral incident or lesser included offenses, (5) improperly admitted *Spreigl* evidence, (6) refusal to admit background information about the minor victims and the "confession" of a minor victim who died by suicide

before trial, and (7) ineffective assistance of trial counsel.  *Id.* at *1, 6.  The Minnesota Court of Appeals affirmed in all respects but remanded the case to the trial court to correct the warrant of commitment, which incorrectly reflected the actual sentence imposed by three years.  *Id.* at *1, 6.

Morey filed a petition for review in the Minnesota Supreme Court.  Pet. Review, *State v. Morey*, A16-1364 (Minn. Aug. 30, 2017).  The Minnesota Supreme Court denied review on October 17, 2017, and entered judgment on October 31, 2017.  *State v. Morey*, A16-1364, order (Minn. Oct. 17, 2017), J. (Minn. Oct. 31, 2017).  Morey did not petition the United States Supreme Court for a writ of certiorari.

### B.     Morey's First Habeas Petition and Motion for an Extension

On August 9, 2018, Morey filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pet., *Morey v. Titus*, No. 18-cv-2331 (NEB/LIB) (D. Minn. Aug. 9, 2018) ("First Petition").  The grounds for relief were: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) newly discovered evidence, (4) ineffective assistance of appellate counsel, and (5) cumulative effect of errors.  First Pet. at 6–7, 19.  A month later, on September 7, 2018, Morey filed a motion seeking an "extension of time."  Mot. Extension, *Morey v. Titus*, No. 18-cv-2331 (NEB/LIB) (D. Minn. Sep. 7, 2018) ("Extension Motion").  Reasoning that Minnesota law provides for two years to file a petition for postconviction relief,[1] but that federal law establishes a

---

[1] Minnesota Statute § 590.01, subdivision 4, requires a postconviction petition to be filed within two years after the disposition of a direct appeal, except in limited circumstances.

2

one-year statute of limitations to file a federal habeas petition,[2] Morey said he needed "more time to develop the record in order to proceed with" the First Petition.  *Id.*

On September 19, 2018, United States Magistrate Judge Leo I. Brisbois issued a report and recommendation, recommending that the Extension Motion be denied and the First Petition be dismissed without prejudice.  *Morey v. Titus*, No. 18-cv-2331 (NEB/LIB), R. & R. (D. Minn. Sept. 19, 2018).  Magistrate Judge Brisbois began by noting that the First Petition contained both exhausted and unexhausted claims, which Morey acknowledged.  *Id.* at 1.  Faced with such a "mixed" petition, Magistrate Judge Brisbois construed the Extension Motion as a request for a stay under *Rhines*.[3] Magistrate Judge Brisbois determined that Morey's conviction had become "final" for the purpose of federal habeas review in January 2018, and thus several months remained on his one-year clock in which to file a § 2254 petition.[4]  *Id.* at 2–3.  Because "[n]othing

---

[2] Title 28 U.S.C. § 2244(d)(1) establishes a one-year limitations period for "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  Relevant here, the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

[3] In *Rhines*, the Supreme Court held that when a petitioner files a § 2254 petition presenting both exhausted and unexhausted claims—a "mixed" petition—a district court may, in certain circumstances, issue a stay and hold the petition in abeyance while the petitioner returns to state court to exhaust the unexhausted claims.  544 U.S. at 275–76, 279.

[4] The Minnesota Supreme Court denied Morey's petition for review on direct appeal on October 17, 2017, and entered judgment on October 31, 2017.  Morey had 90 days from that date to file a petition for a writ of certiorari with the United States Supreme Court.  *See* Sup. Ct. R. 13.1.  He did not do so, and thus, the one-year limitations period in which to file a federal habeas petition began on January 29, 2018.

[was] stopping Morey from filing a state post-conviction petition today"—and the tolling provision of § 2244(d)(2) would preserve Morey's limitations-period time during those proceedings[5]— Magistrate Judge Brisbois determined that Morey had not shown good cause to stay the case and hold the petition in abeyance while Morey returned to state court to exhaust his unexhausted claims. *Id.* at 3.

Morey filed objections to the report and recommendation, which were overruled by United States District Judge Nancy Brasel. *Morey v. Titus*, No. 18-cv-2331 (NEB/LIB), slip op. at 1 (D. Minn. Oct. 26, 2018). Accordingly, Judge Brasel dismissed the First Petition without prejudice and denied the Extension Motion. *Id.* at 2.

### C.  Morey's Second Habeas Petition and Motion to Stay

Several months passed before Morey filed a second federal habeas petition on February 4, 2019, thereby commencing the instant action. (Pet. [Doc. No. 1] ("Second Petition").) The Second Petition is nearly identical to the First Petition; the only difference is that the Second Petition briefly mentions the resolution of the First Petition.

With respect to the question of exhaustion, it appears that two of Morey's current habeas claims may have been presented to the Minnesota Court of Appeals, either by his appellate counsel or in Morey's pro se brief: (1) ineffective assistance of trial counsel and (2) prosecutorial misconduct. The Court is not able to ascertain whether the particular factual bases for these claims are the same, however, because neither party has provided

---

[5] Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this [§ 2244(d)]."

the appellate briefs to the Court. The Court also cannot ascertain from the present record whether Morey or his appellate attorney presented the federal nature of the claims to each level of the Minnesota state courts. Assuming those two claims were exhausted, that leaves the ineffective assistance of appellate counsel claim, newly discovered evidence claim, and cumulative errors claim as the unexhausted claims.

Morey also filed a motion to stay the case pursuant to *Rhines*. (Mot. Stay [Doc. No. 2]) ("Motion to Stay").) Respondent opposes Morey's motion for a stay on the grounds that Morey has not demonstrated good cause for failing to exhaust all of his claims in state court, has not presented meritorious claims, and did not diligently pursue postconviction relief in state court.

### D. Morey's State Postconviction Petition

Morey filed a petition for postconviction relief in state court on April 18, 2019. *See* Register of Actions, *State v. Morey*, No. 15-cr-14-522 (Minn. Dist. Ct. filed April 18, 2019). The postconviction petition was filed more than seven months after Magistrate Judge Brisbois advised Morey of the limited time remaining on his one-year clock, and more than two months after the one-year statute of limitations for federal habeas review expired. The Court is not able to view the postconviction petition on the state court case database, and neither party a copy of the postconviction petition to the Court. Thus, the Court does not know what claims Morey is advancing in that proceeding.

## II. Discussion

A federal court may not adjudicate a habeas petition that presents both exhausted and unexhausted claims. *See Rhines*, 544 U.S. at 273 (citing *Rose v. Lundy*, 455 U.S.

5

509, 518–19 (1982)). Morey does not dispute this rule, nor does he dispute that the First Petition presents both exhausted and unexhausted claims.

When *Lundy* was decided in 1982, there was no statute of limitations for filing a federal habeas petition. *Id.* at 274. In 1996, Congress imposed a one-year statute of limitations for filing such petitions. *Id.* (citing 28 U.S.C. § 2244(d)(1)). This created a quandary for petitioners who file a timely, but mixed, habeas petition in federal court. *Id.* at 275. If such a petition is dismissed as a mixed petition pursuant to *Lundy* after the one-year statute of limitations has expired, federal habeas review will not be available. *Id.* To preempt this dilemma, a court may stay and hold in abeyance a mixed petition while the petitioner returns to state court to exhaust the unexhausted claims. *Id.*

The stay-and-abeyance procedure is available only in certain circumstances and must comport with the purposes of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines*, 544 U.S. at 277. One of those purposes is to urge petitioners to seek relief first from the state courts. *Id.* at 276. Staying a federal habeas case while a petitioner returns to state court to exhaust unexhausted claims, however, "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* A second purpose of AEDPA is to reduce delays in the execution of state-court sentences and encourage the finality of state-court judgments. *Id.* at 276. But the stay-and-abeyance procedure "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Id.* at 277.

In light of the above considerations, and "[b]ecause granting a stay effectively

6

excuses a petitioner's failure to present his claims first to the state courts," a district court may employ the stay-and-abeyance procedure only when the court finds "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* Moreover, even if a petitioner demonstrates good cause, the district court should not grant a stay when the "unexhausted claims are plainly meritless." *Id.* Finally, a court may deny a stay when "the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

### A.  Good Cause

Morey has not shown good cause for failing to exhaust his claims in state court. Indeed, he presents the same grounds for good cause in his Motion to Stay as he did in his Extension Motion. If good cause did not exist then, it does not exist now. Morey does not identify any events or circumstances that prohibited him from filing his petition for postconviction relief immediately after the First Petition was denied.

Morey again argues that the discrepancy between the two-year limitations period in which to file a postconviction petition in state court and the one-year limitations period in which to seek federal habeas review automatically constitutes good cause. (Mot. Stay at 1 [Doc. No. 2].) It does not, and it cannot. Otherwise, every federal habeas petitioner would be entitled to file his habeas petition as a placeholder, take up to two years to file a postconviction petition in state court, litigate the postconviction petition through each level of the state courts, and then return to federal court to take up his federal habeas petition. The "limited circumstances" described in *Rhines* would become commonplace, and AEDPA's twin purposes of finality and encouraging petitioners to exhaust all claims in state court before filing a federal habeas petition would be frustrated.

7

Morey also states that he needs "more time to develop the record in order to proceed with his" habeas petition. (Pet'r's Mot. Stay at 1; Pet'r's Resp. at 2 [Doc. No. 21].) Morey does not, however, identify precisely what aspects of the record he wants to develop, nor does he explain how the facts he would develop would entitle him to habeas relief or why the Court would be able to consider them. It is extremely rare that a federal habeas court would receive evidence outside the state record "because of the obligation to defer to state courts' factual determinations." *See Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002); *see also Williams v. Taylor*, 529 U.S. 420, 437 (2000) ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."). Morey has not provided sufficient information or argument that would warrant adding to the state court record.

Next, Morey submits that he needs additional time "to generate the case history required to proceed with" his federal habeas petition. The Court interprets this to mean that Morey would like additional time to exhaust his unexhausted claims. This circular argument is not persuasive. Morey's failure to exhaust his claims cannot provide good cause for his failure to exhaust his claims.

With respect to any argument that newly discovered evidence constitutes good cause for a stay, the new evidence described in the Second Petition is the same as the new evidence described in the First Petition. Morey asserts in both petitions that he was in possession of the newly discovered evidence at the time he filed the petitions, which would undermine any argument that he obtained the evidence too late to have incorporated it into a timely-filed postconviction petition. If Morey had the new evidence

8

when he filed his First Petition in August 2018, there was no reason for the delay in filing his postconviction petition. Moreover, Morey does not identify any further new evidence obtained after the date his First Petition was denied.

The same is true for the ineffective assistance of counsel claim. The same bases are described in both the First and Second Petitions, and Morey does not explain why he could not have filed a postconviction petition presenting this claim immediately after the First Petition was denied.

Finally, Morey argues that he is an untrained pro se litigant with limited access to the prison law library and that he has suffered from severe depression and anxiety since his trial. Lack of training and pro se status do not constitute good cause for failing to timely exhaust claims in state court, however. *See Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). In addition, "limited access to a law library [is] common among pro se prisoners and do[es] not constitute good cause for failure to exhaust." *Hamilton v. Clark*, No. CIV S-08-1008 EFB P, 2010 WL 530111, at *2 (E.D. Cal. Feb. 9, 2010). As to Morey's mental state, the Court accepts that Morey has suffered anxiety and depression since his trial, but those conditions have not affected his abilities to articulate his claims and positions and to meet deadlines in the federal habeas proceedings, and he does not explain why they differentially affected his ability to move forward with the state post-conviction proceedings.

### B.     Potentially Meritorious Claims

Morey believes that at least one of his claims is meritorious because Magistrate Judge Brisbois "observed at least one of my claims in the petition appears to have merit."

9

(Pet'r's Resp. at 7.) This is incorrect. Magistrate Judge Brisbois determined that Morey fairly presented a prosecutorial misconduct claim on direct appeal. *Morey*, No. 18-cv-2331 (NEB/LIB), R. & R. at 1 n.2. Fair presentation of a claim occurs when "the state court rules on the merits of his claims, or if [the petitioner] presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Fair presentation does not mean the claim had merit. Furthermore, Magistrate Judge Brisbois questioned whether the substance of the prosecutorial misconduct claim raised in the First Petition differed from the prosecutorial misconduct claim raised on appeal. *Id.*

In any event, the parties do not address in depth the merits of Morey's unexhausted claims. Thus, the Court cannot determine on the present record whether the claims have potential merit.

### C.   Intentionally Dilatory Litigation Tactics

A federal district court should not grant a stay to a petitioner who "engage[d] in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. The record here supports a finding that Morey intentionally delayed pursuing his state court remedies by filing a postconviction petition. Morey is not the type of "unwary *pro se* prisoner" with whom *Lundy* and *Rhines* were concerned. *See Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (quoting *Lundy*, 455 U.S. at 520). To the contrary, Morey was well aware—by September 19, 2018, at the latest—that he had not provided adequate good cause to stay a federal habeas action, that he had a matter of months left on his one-year clock, and that he needed to file his postconviction petition as soon as possible to toll the

AEDPA statute of limitations. *Morey*, No. 18-cv-2331, R. & R. at 3. Magistrate Judge Brisbois determined there was nothing stopping Morey then, and Morey has not provided a good reason why he did not file the postconviction petition between the date the report and recommendation was issued on September 19, 2018, and the expiration of the one-year statute of limitations on January 29, 2019. The Court concludes that Morey intentionally did not file his postconviction petition before the one-year clock expired. Thus, a *Rhines* stay is not appropriate.

### D.     Option to Proceed with the Exhausted Claims

When a court determines it would not be appropriate to stay a proceeding and hold a mixed petition in abeyance, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278; *see also Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam) (instructing district courts to allow a petitioner who has filed a mixed petition to amend his petition and proceed on only the exhausted claims). This option is available to Morey. If Morey wishes to exercise that option, he must file an entirely new, amended petition that includes only fully exhausted claims, and he must set forth the facts supporting exhaustion for each claim.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Scott Marlin Morey's Motion to Stay this action pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), [Doc. No. 2] be **DENIED**.

2. If Morey wishes to abandon his unexhausted claims and proceed on only the exhausted claims, he should file an entirely new, amended petition that includes only fully exhausted claims, and he must set forth the facts supporting exhaustion for each claim, within 30 days of the District Court's ruling on this Report and Recommendation.

3. If Morey does not file an entirely new, amended petition that includes only fully exhausted claims, his petition be **DISMISSED WITHOUT PREJUDICE**, and no certificate of appealability be issued.[6]

Dated: June 10, 2019        s/ *Hildy Bowbeer*
                            Hildy Bowbeer
                            United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[6] A § 2254 habeas petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Morey's petition any differently than it is being treated here. Morey has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants federal appellate review.